IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

JUAN MCALLISTER,

Plaintiff,

v.


USAA FEDERAL SAVINGS BANK ℅ NATIONSTAR MORTGAGE LLC

Defendant.

Civil Action No. _____


**COMPLAINT FOR DECLARATORY JUDGMENT,**

**INJUNCTIVE RELIEF, AND EQUITABLE RESTITUTION**

**JURY TRIAL DEMANDED**

I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332, and supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the subject property is located in Florence County, South Carolina, and the events giving rise to this action occurred in this district.

## II. PARTIES

3. Plaintiff, Juan McAllister, is an individual residing in Georgia and the rightful owner of property located at 1211 Poor Farm Road, Effingham, South Carolina 29541 ("Subject Property").

4. Defendant, USAA Federal Savings Bank ("USAA"), is a national bank with headquarters located at 10750 McDermott Freeway, San Antonio, TX 78288, and conducts business and holds mortgage interests in South Carolina.

## III. FACTUAL BACKGROUND

5. The Subject Property was previously owned by Plaintiff's late mother, Patricia T. McAllister. Title passed by inheritance to Plaintiff and was subsequently transferred to McAllister Properties LLC and later returned to Plaintiff individually.

5A. Although Plaintiff was not a signatory on the original mortgage loan, he acquired legal title to the Subject Property by inheritance from his late mother, Patricia T. McAllister, and is the current owner of record. As such, Plaintiff has standing to contest any actions affecting title, enforceability of the lien, or foreclosure efforts brought by the Defendant.

6. In August 2023, Plaintiff requested a loan modification and was instructed by USAA not to make monthly payments during the review period. Plaintiff relied on this instruction in good faith.

7. No approval was communicated until May 2024, during which time interest and late fees accumulated in excess of the original loan terms.

8. Plaintiff made three provisional payments in an effort to resolve the delinquency, but the loan modification was ultimately denied. USAA then pursued foreclosure and included improper charges, including during a period in which no payments were due.

9. In the foreclosure action, USAA sought to reform the loan agreement within the foreclosure proceeding—an action procedurally improper under South Carolina law.

10. A resurvey of the property dated May 31, 2023 revealed a 2-foot encroachment into adjacent Parcel 183-01-007, which was disclosed to USAA.

11. Plaintiff also notified USAA of the corrected deed transferring the property into his individual name.

12. The mortgage statements received thereafter reflect inflated balances inconsistent with original loan terms and fail to properly credit Plaintiff's payments.

13. Plaintiff brings this action to restore the status quo, enjoin further unlawful actions, and seek equitable restitution for overcharges and procedural defects.

COUNT ONE

Declaratory Judgment & Equitable Relief

14. Plaintiff re-alleges paragraphs 1 through 13.

15. Plaintiff seeks a declaration that:

- Defendant's lien is unenforceable due to material breaches and improper charges;

- Plaintiff is not in default based on the loan modification instructions and provisional payments;

- The attempted reformation within foreclosure was procedurally improper.

16. Plaintiff further seeks equitable restitution to restore all excess interest, fees, and penalties accrued due to Defendant's misrepresentations.

COUNT TWO

Wrongful Foreclosure

17. Defendant initiated foreclosure based on a balance inflated by charges incurred during the loan modification review, in direct contradiction to its own instructions.

18. Defendant's actions constitute a material breach of the duty of good faith and fair dealing.

19. Defendant's initiation of foreclosure under these circumstances was wrongful and has caused Plaintiff financial and reputational harm.

COUNT THREE

Breach of Contract / Promissory Estoppel

20. Plaintiff relied to his detriment on Defendant's representations that no payments were due during the loan modification process.

21. Defendant's failure to honor its representations and subsequent denial of the modification, while imposing late fees and interest, constitutes breach and/or promissory estoppel.

COUNT FOUR

Equitable Restitution and Lien Relief

22. Defendant unjustly enriched itself by assessing fees and charges during a period when payments were deferred by instruction.

23. Plaintiff seeks restitution and adjustment of the mortgage account and/or cancellation of the lien to reflect accurate balances based on the original agreement.

V. REQUEST FOR RELIEF

A. Issue a declaratory judgment that the lien is invalid or unenforceable in its current form;

B. Order equitable restitution of all excess charges and interest accrued improperly;

C. Enjoin any foreclosure or transfer of the property until this matter is resolved;

D. Grant such further relief as the Court deems just and proper, including but not limited to cancellation of the trustee deed, or rescission of all improper reformation efforts.

Respectfully submitted this [DATE] — 4/30/2025

Juan McAllister

Pro Se Plaintiff

PO Box 1925

Flowery Branch, GA 30542-0033

Phone: (843) 407-1510

Email: info@chefjuans.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Complaint was served upon the Defendant via certified mail and/or electronic service to its counsel of record.

Dated: [DATE]

EXHIBITS

Exhibit J-2 – Deed transferring property to McAllister Properties LLC

Exhibit K – Email thread with attorney Blackwell and USAA

Exhibit L – Updated mortgage statement showing increased balance

Exhibit M – 2023 Survey showing 2-foot encroachment

Exhibit N – Modification request / correspondence (if available)

17A. Defendant's internal and external communications with Plaintiff, including those in Exhibit K, repeatedly stated that Plaintiff should refrain from making payments while the loan modification review was in progress. Plaintiff relied on these representations in good faith, foregoing scheduled payments as directed by USAA representatives. Such reliance was reasonable and foreseeable, making USAA's subsequent assessment of interest and fees unjustified and misleading.

17B. Plaintiff further alleges that Defendant attempted to unilaterally reform the terms of the loan agreement within the context of a foreclosure proceeding, rather than initiating a separate legal action for reformation. This procedural shortcut is improper under South Carolina law and deprived Plaintiff of an adequate opportunity to contest such changes.

17C. As a result of Defendant's conduct, Plaintiff has suffered measurable injury, including but not limited to: (1) threatened loss of his inherited property through

foreclosure; (2) inflated loan balance leading to clouded title and impaired equity; and (3) fees and interest paid or incurred under protest that were not legally or equitably owed.

COUNT FIVE

Reformation Barred by Statute and Procedural Defect

24. Plaintiff re-alleges paragraphs 1 through 23.

25. The legal description contained in the original mortgage executed by Patricia T. McAllister in September 2011 was vague and materially different from the legal description now relied upon by Defendant in the foreclosure complaint. Specifically, the parcel identified in the foreclosure (Parcel ID 00183-01-115) corresponds to a legal description that did not appear in the mortgage but arose in a deed filed after the death of Plaintiff's father and again in a subsequent survey recorded after the death of Plaintiff's mother. The original mortgage never attached to this updated parcel and legal description, meaning the lien cannot legally reach or encumber the Subject Property as currently described.

26. Defendant failed to file a separate, timely legal action to reform the mortgage as required by South Carolina law. Instead, Defendant is attempting to reform the legal description through its foreclosure complaint—without providing due notice or affording Plaintiff the opportunity to contest the changes through proper judicial procedure. (See Exhibit I: Blackwell Email Refusing Loss Mitigation Communication)

27. Pursuant to South Carolina Code § 15-3-530, any action to reform a contract must be brought within six (6) years. The mortgage at issue was executed more than six years

ago, and Defendant's current attempt to alter the legal description is therefore time-barred.

28. As a result, the mortgage as written is unenforceable as to the Subject Property, and Defendant's attempt to foreclose based on an altered or substituted legal description—without reformation or Plaintiff's consent—must be denied. Any enforcement action based on the newer parcel or revised survey constitutes a procedurally improper reformation, which is barred by both the statute of limitations and fundamental principles of due process.

29. The original mortgage was executed in September 2011. As of the date of Defendant's 2024 foreclosure complaint, more than twelve (12) years have passed. Pursuant to South Carolina Code § 15-3-530, any legal action to reform the mortgage's legal description should have been brought no later than September 2017. Defendant's attempt to now enforce a lien based on a substituted legal description—one appearing in a deed recorded after the mortgage—violates the statute of limitations and constitutes an improper and untimely reformation attempt.

Plaintiff recorded title individually, thereby clarifying and exposing Defendant's lien defects and improper servicing conduct.

COUNT ONE

Declaratory Judgment & Equitable Relief

14. Plaintiff re-alleges paragraphs 1 through 13.

15. Plaintiff seeks a declaration that:

- Defendant's lien is unenforceable due to material breaches and improper charges;

- Plaintiff is not in default based on the loan modification instructions and provisional payments;

- The attempted reformation within foreclosure was procedurally improper.

16. Plaintiff further seeks equitable restitution to restore all excess interest, fees, and penalties accrued due to Defendant's misrepresentations.

COUNT TWO

Wrongful Foreclosure

17. Defendant initiated foreclosure based on a balance inflated by charges incurred during the loan modification review, in direct contradiction to its own instructions.

18. Defendant's actions constitute a material breach of the duty of good faith and fair dealing.

19. Defendant's initiation of foreclosure under these circumstances was wrongful and has caused Plaintiff financial and reputational harm.

COUNT THREE

Breach of Contract / Promissory Estoppel

20. Plaintiff relied to his detriment on Defendant's representations that no payments were due during the loan modification process.

21. Defendant's failure to honor its representations and subsequent denial of the modification, while imposing late fees and interest, constitutes breach and/or promissory estoppel.

COUNT FOUR

Equitable Restitution and Lien Relief

22. Defendant unjustly enriched itself by assessing fees and charges during a period when payments were deferred by instruction.

23. Plaintiff seeks restitution and adjustment of the mortgage account and/or cancellation of the lien to reflect accurate balances based on the original agreement.

V. REQUEST FOR RELIEF

A. Issue a declaratory judgment that the lien is invalid or unenforceable in its current form;

B. Order equitable restitution of all excess charges and interest accrued improperly;

C. Enjoin any foreclosure or transfer of the property until this matter is resolved;

D. Grant such further relief as the Court deems just and proper, including but not limited to cancellation of the trustee deed, or rescission of all improper reformation efforts.

COUNT FIVE

Reformation Barred by Statute and Procedural Defect

24. Plaintiff re-alleges paragraphs 1 through 23.

25. The legal description contained in the original mortgage executed by Patricia T. McAllister in September 2011 was vague and materially different from the legal description now relied upon by Defendant in the foreclosure complaint. Specifically, the parcel identified in the foreclosure (Parcel ID 00183-01-115) corresponds to a legal description that did not appear in the mortgage but arose in a deed filed after the death of

Plaintiff's father and again in a subsequent survey recorded after the death of Plaintiff's mother. The original mortgage never attached to this updated parcel and legal description, meaning the lien cannot legally reach or encumber the Subject Property as currently described.

26. Defendant failed to file a separate, timely legal action to reform the mortgage as required by South Carolina law. Instead, Defendant is attempting to reform the legal description through its foreclosure complaint—without providing due notice or affording Plaintiff the opportunity to contest the changes through proper judicial procedure. (See Exhibit I: Blackwell Email Refusing Loss Mitigation Communication)

27. Pursuant to South Carolina Code § 15-3-530, any action to reform a contract must be brought within six (6) years. The mortgage at issue was executed more than six years ago, and Defendant's current attempt to alter the legal description is therefore time-barred.

28. As a result, the mortgage as written is unenforceable as to the Subject Property, and Defendant's attempt to foreclose based on an altered or substituted legal description—without reformation or Plaintiff's consent—must be denied. Any enforcement action based on the newer parcel or revised survey constitutes a procedurally improper reformation, which is barred by both the statute of limitations and fundamental principles of due process.

29. The original mortgage was executed in September 2011. As of the date of Defendant's 2024 foreclosure complaint, more than twelve (12) years have passed. Pursuant to South Carolina Code § 15-3-530, any legal action to reform the mortgage's

legal description should have been brought no later than September 2017. Defendant's attempt to now enforce a lien based on a substituted legal description—one appearing in a deed recorded after the mortgage—violates the statute of limitations and constitutes an improper and untimely reformation attempt.

Plaintiff recorded title individually, thereby clarifying and exposing Defendant's lien defects and improper servicing conduct.

V. REQUEST FOR RELIEF

A. Issue a declaratory judgment that the lien is invalid or unenforceable in its current form;

B. Order equitable restitution of all excess charges and interest accrued improperly;

C. Enjoin any foreclosure or transfer of the property until this matter is resolved;

D. Grant such further relief as the Court deems just and proper, including but not limited to cancellation of the trustee deed, or rescission of all improper reformation efforts.

Respectfully submitted this [DATE] APRIL 30, 2025

Juan McAllister

Pro Se Plaintiff

PO Box 1925

Flowery Branch, GA 30542-0033

Phone: (843) 407-1510

Email: info@chefjuans.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Complaint was served upon the Defendant via certified mail and/or electronic service to its counsel of record.

Dated: [DATE] APRIL 30, 2025

EXHIBITS

Exhibit J-2 – Deed transferring property to McAllister Properties LLC

Exhibit K – Email thread with attorney Blackwell and USAA

Exhibit L – Updated mortgage statement showing increased balance

Exhibit M – 2023 Survey showing 2-foot encroachment

Exhibit N – Modification request / correspondence (if available)

17A. Defendant's internal and external communications with Plaintiff, including those in Exhibit K, repeatedly stated that Plaintiff should refrain from making payments while the loan modification review was in progress. Plaintiff relied on these representations in good faith, foregoing scheduled payments as directed by USAA representatives. Such reliance was reasonable and foreseeable, making USAA's subsequent assessment of interest and fees unjustified and misleading.

17B. Plaintiff further alleges that Defendant attempted to unilaterally reform the terms of the loan agreement within the context of a foreclosure proceeding, rather than initiating a separate legal action for reformation. This procedural shortcut is improper under South Carolina law and deprived Plaintiff of an adequate opportunity to contest such changes.

17C. As a result of Defendant's conduct, Plaintiff has suffered measurable injury, including but not limited to: (1) threatened loss of his inherited property through foreclosure; (2) inflated loan balance leading to clouded title and impaired equity; and (3) fees and interest paid or incurred under protest that were not legally or equitably owed.

23A. On or about March 11, 2024, Plaintiff personally observed an individual hired by Defendant photographing the Subject Property from across the public roadway without entering the gated premises. Plaintiff spoke directly with the individual, who declined an invitation to enter the property and confirmed she was only taking photos from outside the gate. Despite the inability to access or inspect the premises, Defendant assessed repeated "property inspection" charges in the monthly mortgage statements, which contributed to an inflated reinstatement balance. These charges were neither necessary nor reflective of actual services rendered, and constitute unjust enrichment and improper servicing conduct. The April 2025 statement shows a reinstatement amount that increased by over $6,700 in a 30-day period, including such unearned fees (See Exhibit O).