IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Juan McAllister,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>USAA Federal Savings Bank and<br>Nationstar Mortgage, LLC,<br><br>　　　　　　　Defendants. | Case No. 4:25-cv-03769-SAL<br><br><br><br>**ORDER** |

　　　　This matter is before the court for the review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 135.] Plaintiff Juan McAllister, proceeding pro se, asserts claims against Defendants USAA Federal Savings Bank ("USAA") and Nationstar Mortgage, LLC ("Nationstar") relating to the foreclosure of a property located at 1221 Poor Farm Road, Effingham, South Carolina (the "Subject Property"). *See* ECF No. 1. USAA moves to dismiss this case under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and the principles of federal abstention established by *Younger v. Harris,* 401 U.S. 37 (1971), and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). [ECF No. 76.] The Report recommends granting this dismissal on abstention grounds, ECF No. 135, and Plaintiff objects, ECF No. 138. For the reasons below, the court adopts the Report and its ultimate recommendation.

**Legal Standards**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* at 460. If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But "[i]n the absence of *specific* objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

**DISCUSSION**

**I.     The Report**

The magistrate judge issued a thorough Report, recommending USAA's motion to dismiss be granted on abstention grounds. [ECF No. 135.] The Report sets forth in detail the relevant facts

and standards of law, and this court incorporates those facts and standards with only a brief synopsis below.

### A. Factual Background

Prior to this action, Plaintiff inherited the Subject Property from his late mother and subsequently transferred its title to his limited liability company, McAllister Properties, LLC (the "LLC"). *Id.* at 4. USAA holds a mortgage on this property, which is serviced by Nationstar. *Id.* at 1, 4, 6.

Plaintiff applied for a loan modification, which USAA provisionally granted in May 2024. *Id.* at 5–6. Plaintiff alleges that USAA instructed him to cease payments while it assessed whether he could obtain a permanent modification. *Id.* USAA, however, denied the modification on September 12, 2024, because Plaintiff did not have legal ownership of the Subject Property, as the LLC held its title. *Id.* at 6. USAA then sought to collect the unpaid balance, which was never brought current. *Id.*

A few months later, USAA filed a foreclosure of mortgage complaint against the LLC in the Florence County Court of Common Pleas on January 7, 2025. *Id.* Answering on behalf of the LLC, Plaintiff alleged that USAA improperly denied his loan modification application, engaged in other wrongful conduct in connection with the application, and sought the foreclosure action's dismissal. *Id.* at 7. Florence County Circuit Judge H. Stephen DeBerry IV later granted USAA's motion to stay, noting the loan associated with the foreclosure was under review. *Id.* While under this review, Plaintiff transferred the Subject Property's title from the LLC to himself to invalidate USAA's prior basis for denying his loan modification. *Id.* at 8.

Plaintiff, however, proceeded to file this current action on May 5, 2025. He brings this action to "restore the status quo, enjoin further unlawful actions, and seek equitable restitution for

3

overcharges and procedural defects." *Id.* at 5 (quoting ECF No. 1 ¶ 13). His complaint asserts multiple claims and seeks a declaration that USAA's lien on the Subject Property is invalid and recovery of "excess charges and interest accrued improperly," and further asks the court to enjoin the foreclosure. *Id.* (quoting ECF No. 1).

USAA moved to dismiss this matter in July 2025. [ECF No. 76.] Subsequently, Plaintiff brought a new state court action against USAA and Nationstar in the Florence County Court of Common Pleas on December 9, 2025. There, Plaintiff set out substantially similar allegations and complained about many of the same issues he raises in his federal complaint. *Id.* at 8. By the time the magistrate judge issued this Report, Plaintiff had moved for USAA to be placed in default in this state action. *Id.* at 9.

**B.     The Report's Recommendation**

The Report recommends the court exercise abstention and dismiss Plaintiff's complaint as to all parties, reasoning that abstention is warranted under both *Younger* and *Colorado River*. *Id.* at 10–14.

In *Younger* and its progeny, the Supreme Court holds abstention appropriate when the following three-pronged test is met: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings. *Martin Marietta Corp. v. Maryland Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Younger*, 401 U.S. at 43–44. The magistrate judge concludes that all three prongs are satisfied here. [ECF No. 135 at 10–13.]

The magistrate judge finds the first prong is met because both the foreclosure action and December state court action are still ongoing. *Id.* at 10, 13. Next, these actions both concern an

important state interest in adjudicating foreclosure matters pertaining to real property located within the state, thereby satisfying the second prong. *Id.* at 11, 13. Finally, the third prong is met because Plaintiff has an adequate opportunity to raise federal claims in these state proceedings as all his claims arise from and seek relief based on the allegedly wrongful foreclosure. *Id.*

The magistrate judge also finds abstention is proper under *Colorado River*. *Id.* at 13. Under *Colorado River*, a federal court may abstain from hearing a case when exceptional circumstances warrant deference to ongoing parallel state court proceedings. 424 U.S. at 817–19. In determining whether such circumstances exist, the court should consider: (1) whether any court has assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. *Moses H. Cone Mem'l Hosp. v. Mercy Constr. Corp.*, 460 U.S 1, 15 (1983). Suits are considered parallel if "substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991) (citing *LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989)).

The magistrate judge reasons that the circumstances warrant abstention under this doctrine because the state court already assumed jurisdiction over the Subject Property through the foreclosure action, litigating the same issues simultaneously in parallel federal and state court actions is inconvenient, piecemeal litigation would result without abstention, and USAA filed the foreclosure action before Plaintiff filed this action. [ECF No. 135 at 13.] Further, while Plaintiff filed the December state court action after this federal action, "it relates to the same property and many similar issues." *Id.* Therefore, continuing this federal action would result in piecemeal litigation. *Id.*

5

Finally, the Report recommends dismissing all other motions filed by Plaintiff and Nationstar, ECF Nos. 35, 54, 65, 67, 73, 78, 84, as abstention requires dismissing Plaintiff's claims in this forum. *See id*. at 14.

## II.     Plaintiff's Objections

Plaintiff only objects to the Report's conclusion that both the foreclosure action and the December state court action are ongoing state judicial proceedings under the *Younger* abstention analysis. *See* ECF No. 138. First, he asserts that USAA failed to appear in the December state court action, prompting the state court to enter default against it. *Id.* at 2. Second, he avers the foreclosure action remains stayed, "with no merits adjudication, hearings, dispositive motions or substantive activity." *Id.* Therefore, he argues both state actions cannot be considered as ongoing for abstention purposes, eliminating the factual assumptions underlying the Report's recommendation for abstention. *Id.* at 3.

However, after taking judicial notice of the state court filings, the court is unpersuaded by Plaintiff's arguments. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'") (internal citation omitted)). The clerk has not entered default in the December state court action, nor has the state court granted Plaintiff's motion for default judgment. *Juan T. McAllister, et al v. USAA Federal Savings Bank, et al*. 2025-CP-21-03247, Florence County Twelfth Judicial Circuit Public Index, https://publicindex.sccourts.org/Florence/PublicIndex/PISearch.aspx (search Case # 2025CP2103247) (last accessed Feb. 26, 2026). Further, USAA entered an appearance, opposed the motion for default, and filed a motion to dismiss. *Id.* Therefore, the December state court action is still ongoing.

Further, Plaintiff correctly notes the foreclosure action remains under a stay. *USAA Federal Savings Bank vs. McAllister Properties LLC, et al*. 2025-CP021-00042, Florence County Twelfth Judicial Circuit Public Index, https://publicindex.sccourts.org/Florence/PublicIndex/PISearch.aspx (Seach Case No. 2025CP2100042) (last accessed Feb. 26, 2026). Stayed actions, however, still qualify an ongoing state judicial proceeding for abstention purposes. *Jews v. Tyler*, No. CIV L-08-2075, 2009 WL 5206480 (D. Md. Jan. 16, 2009). Therefore, Plaintiff's sole objection is overruled, and the court adopts the Report's recommendation in full.

## CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court adopts the Report, ECF No. 135. USAA's motion to dismiss, ECF No. 76, is **GRANTED**. All other pending motions, ECF Nos. 35, 54, 65, 67, 73, 78, 84, are terminated as moot.

IT IS SO ORDERED.

February 27, 2026　　　　　　　　　　　　　　Sherri A. Lydon
Columbia, South Carolina　　　　　　　　　　United States District Judge